## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### IN ADMIRALTY

### Case No. 10-62530-CIV-ZLOCH/ROSENBAUM

PAUL G. FLEISHER,

                Plaintiff,

v.

A 1990 53' Viking Sport Fishing Vessel
named *F-TROOP*, USCG No. 1077134
*in rem*, and S & S DIESEL MARINE
SERVICES, INC., *in personam*,

                Defendants.

_____/

S & S DIESEL MARINE SERVS., INC.,

                Plaintiff/Counter-Defendant,

v.

*M/V F-TROOP*, that certain 1991 53-foot
Viking motor vessel, bearing hull
identification number VKY53135B191, and
PAUL FLEISHER,

                Defendants/Counter-Claimant.

_____/

### <u>ORDER</u>

        This matter is before the Court on Defendant S & S Diesel Marine Services, Inc.'s Motion

for Order to Compel Inspection for the Purpose of Discovery [D.E. 37], upon referral by the

Honorable William J. Zloch.  *See* D.E. 76.  The Court has reviewed Defendant's Motion, all filings

in support thereof and in opposition thereto, and the record in this matter and is otherwise duly advised in the premises.  After careful consideration, the Court now grants in part and denies in part Defendant's Motion for the reasons set forth below.

## *I.  Background*

This case arises out of a dispute over work to the engines of Plaintiff Paul Fleisher's ("Fleisher") boat, the *M/V F-Troop*.  Fleisher contracted with S & S Diesel Marine Services, Inc., ("S & S") to rebuild the starboard and port engines of the *F-Troop*.  Essentially, S & S complains that it performed the necessary work, but Fleisher refused to pay the outstanding balance, while Fleisher objects that S & S never completed the promised work, and the work that S & S did perform was deficient.  Fleisher sued S & S for possession of the *F-Troop* and for breach of warranty, and, in a related action later consolidated with the instant matter, S & S filed suit to foreclose on a maritime lien on the *F-Troop*, and S & S proceeded against Fleisher *in personam*, alleging breach of contract and *quantum meruit*.  In response, Fleisher filed a Counterclaim, setting forth claims for breach of contract and breach of implied warranty relating to S & S's work on the *F-Troop*'s engines.

In the pending Motion, S & S seeks an order compelling Fleisher to allow S & S to inspect the hull of the *F-Troop*.  According to the pending Motion and Fleisher's Response to it [D.E. 39], Fleisher conducted a sea trial of the *F-Troop* on September 14, 2011, to test and record the performance of the vessel's two main engines that are the subject of the dispute between the parties. *See* D.E. 37 at ¶ 2; D.E. 39 at ¶ 5.  Fleisher described the sea trial as having "failed."  D.E. 39 at ¶ 5.  Because, S & S argues, the condition of the hull at the time of the sea trial could have significantly affected the performance of the *F-Troop*'s engines, S & S should be permitted to

inspect the hull to ascertain any impact that its condition might have had on the sea trial. *See* D.E. 37 at ¶¶ 12-13.

Fleisher disagrees and asserts that he had the hull bottom and running gear of the boat cleaned before the sea trial, so the hull and running gear's condition should not have affected the results of the sea trial. Moreover, Fleisher reasons, S & S's counsel and expert attended the September 14, 2011, sea trial and did not request an inspection of the hull or running gear before or immediately after the sea trial. Because of the passage of time since September 14, 2011, Fleisher further argues, sea growth has undoubtedly developed on the hull, so the hull is no longer in the condition that it was at the time that the sea trial was conducted, and the current condition of the hull is not relevant to the efficacy of the sea trial. Finally, Fleisher contends that S & S is not entitled to an order compelling inspection of the hull because Fleisher has never served a formal request pursuant to Rule 34, Fed. R. Civ. P., to inspect the hull.

S & S replies that although it may not have served a formal request under Rule 34, it nonetheless "met . . . the spirit and intent" of Rule 34. D.E. 41 at ¶ 6. In this regard, S & S points out that on September 20, 2011, its counsel sent an e-mail to Fleisher's counsel requesting permission "to have a diver inspect the bottom of the vessel so we all know whether any conditions existed that may have affected the sea trial. . . . The bottom survey should be done as soon as possible." D.E. 41-1. Fleisher's counsel denied permission, stating that Fleisher had the hull cleaned two days before the sea trial and that he would provide S & S with a copy of the invoice for the cleaning.[1] D.E. 41-2.

_____

[1]This same e-mail from one of S & S's attorneys to another includes this characterization of Fleisher's counsel's statement regarding the cleaning: Fleisher's expert on diesel engines "knew the bottom had been clean[ed] but Dr. Fleisher instructed him not to reveal that

Then, on September 23, 2011, counsel for S & S sent Fleisher's attorney a letter insisting that an inspection of the hull and the running gear was essential and that production of the cleaning invoice would not suffice. *See* D.E. 41-4. Consequently, S & S explained, it "require[d] the inspection and . . . ask[ed] that [it] be given permission to perform [the inspection] as soon as today." *Id.* Once again, Fleisher denied authorization. *See* D.E. 37 at ¶¶ 17.

S & S then filed the pending Motion. On November 29, 2011, the Honorable William J. Zloch referred the Motion to me. The Motion is now ripe for disposition.

## *II. Discussion*

Rule 34, Fed. R. Civ. P., governs inspections of "tangible things" and the "entry onto designated land . . . controlled by the responding party, so that the requesting party may inspect, . . . [or] photograph . . . the property . . . ." Under Rule 34, requests for such inspections must fall within the scope of discovery that Rule 26(b), Fed. R. Civ. P., authorizes.

Rule 26(b) of the Federal Rules of Civil Procedure defines the parameters of permissible discovery. That rule provides, in relevant part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Advisory Committee Notes to Rule 26 indicate that "[t]he purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case." Fed. R.

_____

information to the S & S Diesel interests." *Id.* The Court does not consider this allegation because it was mentioned for the first time in S & S's Reply brief and exhibits, and unlike the other statements in the same e-mail cited above, this particular concept was not raised in any way in S & S's initial brief on the pending Motion. As a result, Fleisher has had no opportunity to respond to the allegation.

Civ. P. 26(b) advisory committee notes (1946). Indeed, the Advisory Committee Notes approvingly

cite language from a case stating that "the Rules . . . permit 'fishing' for evidence as they should."

*Id.* (alteration in original) (citation omitted); *see also Hickman v. Taylor*, 329 U.S. 495, 507 (1947)

("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring

into the facts underlying his opponent's case.").

The courts have long recognized the wide scope of discovery allowed under the Federal

Rules of Civil Procedure. As the Eleventh Circuit's predecessor court noted,

> The discovery provisions of the Federal Rules of Civil Procedure
> allow the parties to develop fully and crystalize concise factual issues
> for trial. Properly used, they prevent prejudicial surprises and
> conserve precious judicial energies. The United States Supreme
> Court has said that they are to be broadly and liberally construed.

*Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973)[2] (citing *Hickman*, 329 U.S. at 507;

*Schlagenhauf v. Holder*, 379 U.S. 104, 114-15 (1964)).

Of course, the scope of permissible discovery is not unbounded. Requested discovery must

be relevant, and it must not impose an undue burden or be unreasonably cumulative, under the

standards described in Rule 26(b)(2)(C). Finally, even if the discovery sought meets all these

requirements, an opposing party generally may not be compelled to respond to it if that party invokes

and demonstrates the applicability of an appropriate privilege or protection.

Here, the requested inspection, at least at one time, plainly fell within the bounds of

permissible discovery under Rule 26(b). S & S has alleged in its Motion, and Fleisher has not

---

[2]In accordance with *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

disputed in his Response, that hull condition can have a significant impact on the efficacy of an engine during a sea trial.  S & S has also filed the affidavit of Liam J. O'Connell, an experienced commercial diver and boat captain and the owner of Harbor Beach Diving, Inc., which provides additional support for this point.  *See* D.E. 41-3.  Because Fleisher has described the sea trial as having "failed," Rule 26(b) relevancy in this case would certainly encompass any cause contributing to or explaining the alleged failure of the sea trial that might absolve or partially relieve S & S's reconstruction of the *F-Troop*'s engines of responsibility for the failure.

At this late point in time, however — two-and-one-half months after the sea trial occurred — it is questionable whether an inspection of the hull now could bear any information tending to shed light on the condition of the hull at the time of the sea trial.  Even S & S's expert Liam J. O'Connell attests only that

> 7, 10, or even later than 14 days after a cleaning, I would be able to tell if a proper cleaning of the hull and running gear had recently been performed.  I would be able to detect the difference between new growth and growth that is many weeks or months old.  I would be able to tell the difference between barnacles and crustaceans only several days old and those that had been growing for many weeks.  I would be able to detect any cement footing left behind from crustaceans where the diver had only knocked off the body without care to clean down to the true surface.  I would also be able to detect the existence of calcium deposits and from the severity of its existence whether it was days old or many weeks old.  As the condition and age of the paint itself is also a performance factor, I would be able to form an opinion as to that.

D.E. 41-3 at ¶ 11.  But, while the Court can envision that such an inspection may turn out to uncover no relevant information because of the intervening period where growth presumably occurred, thereby obscuring the *F-Troop*'s hull condition as of September 14, 2011, on this record, the Court cannot be reasonably sure of that outcome.  Accordingly, for purposes of determining the pending

Motion only — and not for admissibility purposes,[3] the Court finds the requested inspection to fall within the scope of Rule 26(b).

Next, the Court turns to the "procedure" that Rule 34 designates for making an inspection request.  Rule 34 provides, in pertinent part,

> **(1)**  **Contents of the Request**.  The request:
>   **(A)**  must describe with reasonable particularity each item or category of items to be inspected; [and]
>   **(B)**  must specify a reasonable time, place, and manner for the inspection and for performing the related acts . . . .
>
>             * * *
>
> **(2)**  **Responses and Objections.**
>   (A)  *Time to Respond*.  The party to whom the request is directed must respond in writing within 30 days after being served. . . .

Fed. R. Civ. P. 34(b)(1).  S & S argues that although it did not serve a formal Rule 34 request, its September 23, 2011, letter and other inquiries complied with the spirit of Rule 34 and satisfied the requirements of Rule 34(b)(1).  For his part, Fleisher contends that the letter and other inquiries never identified themselves as seeking an inspection under Rule 34, and thus, do not satisfy Rule 34's requirements.

Strong reasons support the conclusion that Fleisher urges — that is, that a party must file a formal discovery request under the Federal Rules of Civil Procedure before that party may successfully move to compel the discovery sought.  First, the language of Rule 34 suggests such an

_____

[3]Admissibility constitutes a separate question.  As Rule 26(b)(1), Fed. R. Civ. P., expressly notes, "Relevant information [for discovery purposes] need not be admissible at the trial . . . ."  Although S & S appears to seek an admissibility determination regarding the results of any inspection that might be permitted, *see* D.E. 41 at 9, such a ruling would be premature before the inspection has even occurred.

outcome.  Significantly, Rule 34(b)(2), Fed. R. Civ. P., provides that "[t]he party to whom the request is directed must respond in writing within 30 days after being *served*."  (emphasis added). *Black's Law Dictionary* defines "service" as "1.  The formal delivery of a writ, summons, or other legal process . . . . 2.  The formal delivery of some other legal notice, such as a pleading . . . ." *Black's Law Dictionary* 1491(9th ed. 2009).  The definition of "service" supports the conclusion that Rule 34's employment of the term "served" indicates an intention that a Rule 34 request be made formally.

Policy considerations also favor formal discovery requests.  As the court explained in *Sithon Maritime Co. v. Mansion*,

> The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery.  Parties must comply with such requirements in order to resort to the provisions of Fed. R. Civ. P. 37, governing motions to compel.  Informal requests for production lie outside the boundaries of the discovery rules.  Formal requests may be filed under some circumstances, not letter requests.  Formal requests require certificates of conferring and service.  Letters do not. Formal requests certify representations of counsel under Fed. R. Civ. P. 11(b).  Letters do not.  Formal requests clearly implicate the duties of opposing parties to respond, pursuant to Fed. R. Civ. P. 34.  Letters do not.  Formal requests may occasion sanctions.  Letters usually do not.  To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery. . . .

1998 WL 182785, *2 (D. Kan. Apr. 10, 1998).

Similarly, in *Schwartz v. Marketing Publishing Co.*, the court noted,

> The Federal Rules of Civil Procedure are designed to enable a relatively small judiciary to deal in an orderly way with a virtually limitless number of disputes.  Even when parties sedulously *comply* with the rules of procedure, courts must struggle to keep abreast of their ever-growing dockets.  By pioneering their own ad hoc procedure, parties do themselves and the courts a disservice.  It is far

> easier and quicker to make a formal document request pursuant to Rule 34 than it is to construct and articulate an argument why an *informal* letter should be *treated* as a Rule 34 request so as to enable it to be *enforced* under Rule 37.  When parties fashion their own procedure, they remove their cases from the litigative stream and, when a dispute later arises, almost invariably consume more than their fair share of judicial time.

153 F.R.D. 16, 21 (D. Conn. 1994).  Many other courts have echoed the *Sithon Maritime Co.* and *Schwartz* Courts' views and have denied motions to compel because the underlying discovery request was not a formal one.  *See, e.g.*, *James*, 240 F.R.D. 693; *Susko v. City of Weirton*, 2011 WL 98557, *2 (N.D. W. Va. Jan. 12, 2011) (citing *Sithon Maritime*; *James*; *Schwartz v. Mktg. Publ'g Co.*, 153 F.R.D. 16, 21 (D. Conn. 1994)); *Tex. Democratic Party v. Dallas Cnty.*, 2010 WL 5141352, *1 (N.D. Tex. Dec. 9, 2010) (citing *Ledbetter v. United States*, 1996 WL 739036, *2 (N.D. Tex. Dec. 18, 1996); *Garrison v. Dutcher*, 2008 WL 938159, *2 (W.D. Mich. Apr. 7, 2008)); *Britton v. Dallas Airmotive, Inc.*, 2010 WL 797177, *9-10 (D. Id. Mar. 4, 2010) (citing *Suid v. Cigna Corp.*, 203 F.R.D. 227, 229 (D.V.I. 2001); *Sithon Maritime*).  Based on the language of Rule 34 and for the reasons articulated in these authorities, this Court concludes that, as a general rule, parties must make formal inspection requests under Rule 34 before they can move to compel inspections under Rule 37, Fed. R. Civ. P.

But nearly every rule has an exception.  And this case presents that exception.  Notably, Section III.A.(4) of Appendix A to the Local Rules of the Southern District of Florida states,

> As a practical matter, many lawyers produce or exchange discovery materials upon informal request, often confirmed by letter.  Naturally, a lawyer's word once given, that an item will be produced, is the lawyer's bond and should be timely kept.  Requests for production may be made on the record at depositions.  Depending upon the form in which they are made, however, informal requests may not support a motion to compel.

S.D. Fla. L.R., App. § III.A.(4).[4]  The last sentence of this provision indicates that this District subscribes to the view that under the appropriate circumstances, some form of informal discovery request can support a motion to compel.

Some other courts have also permitted motions to compel to proceed where the underlying discovery response was made informally.  *See, e.g.*, *Lujan v. Exide Techs.*, 2011 WL 1594952, *2-3 (D. Kan. Apr. 27, 2011); *M.M. v. Yuma Cnty.*, 2011 WL 5445336, * 1 (D. Ariz. Nov. 10, 2011); *Armamburu v. Healthcare Fin. Servs., Inc.*, 2007 WL 2020181 (E.D.N.Y. July 6, 2007).  In *Lujan*, the Court found important to its conclusion two factors.  First, the informal request for inspection satisfied both of the substantive requirements of Rule 34(b)(1) in that it described with reasonable particularity the inspection that the moving party desired, and it called for the inspection to occur "at a time and place convenient to" the receiving party.  *Id.* at *3.  Second, the receiving party in *Lujan* had responded to the discovery request by refusing to allow the inspection that the moving party had sought.  *Id.*  Had the receiving party not responded to the informal request, the *Lujan* Court explained, the moving party could not have sought to compel the inspection based on the informal request.  *Id.*

Although both of the *Lujan* factors are satisfied in this case, this Court is not persuaded that the *Lujan* factors, in and of themselves, should permit a party to seek and obtain relief on a motion to compel based on an informal discovery request.  First, the process described in *Lujan* encourages

---

[4]Although this rule discusses the aspect of Rule 34 pertaining to production requests, *see also James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 694-95 (S.D. Fla. 2006) (denying discovery motion that relied on a letter request that the plaintiff execute a release for her records instead of on a formal Rule 34 request for production, based on Section III.A.(4) of App. A, S.D. Fla. L.R.), the Court can discern no reason to apply a different standard to requests for inspection under Rule 34.

parties to disregard the formal discovery processes set forth in the Federal Rules of Civil Procedure, which raises the problems described by the *Schwartz* and *Sithon* Courts.  In addition, the second *Lujan* factor discourages cooperation among counsel by rewarding a receiving party's ignoring of the other party's informal efforts to facilitate discovery in the case.

Despite this Court's hesitation to rely solely on the *Lujan* factors, this case presents an additional consideration: every day that passes after September 14, 2011, renders ever more remote the likelihood that an inspection of the hull will bear any relevant information.  Allowing the hull inspection to proceed now preserves potential evidence that, to the extent that it is currently available, will not be in the near future.  Should the information gleaned from the hull inspection turn out not to be relevant, the Court can always exclude it, but the Court cannot go back in time to obtain any evidence that might result from a hull inspection at this time.  In view of all of these considerations, the Court grants S & S's Motion to Compel and **directs S & S to conduct and Fleisher to allow the requested inspection at a mutually convenient time within five days of the date of this Order**.

Finally, S & S seems to request a spoliation sanction in that it seeks an order finding that "any relevance lost due to the passage of time between the sea trial and the inspection be held against Fleisher for his refusal to authorize the inspection request and in such case that it be taken as established for the purposes of this action that the hull and running gear of the *F-Troop* were in poor condition during the September 14, 2011, sea trial." D.E. 41 at 9.  Two problems preclude the Court from entering the relief that S & S seeks.  First, S & S has not demonstrated spoliation of evidence, and second, even if it had, in order to consider such a sanction, the Court would have to rely upon its inherent powers, as S & S has suggested no other basis for such a ruling and the Court can

conceive of none.  "The key to unlocking a court's inherent power[, however,] requires a finding of bad faith."  *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998); *see also Cox v. Target Corp.*, 351 F. App'x 381, 383 (11th Cir. 2009) ("A jury instruction on spoliation of evidence is required 'only when the absence of that evidence is predicated on bad faith.") (citing *Bashir v. Amtrak*, 119 F.3d 929 (11th Cir. 1997)).

As the record stands now, it is entirely devoid of evidence supporting a finding of bad faith. Under the limited circumstances of this case, the Court will allow the informal discovery request to provide the basis for the pending Motion to Compel.  But Fleisher's decision not to accede to the September 23, 2011, letter request for an inspection cannot form the basis for a finding of bad faith. As the *Sithon* Court recognized, there is nothing sanctionable about a party's refusal to provide discovery that is only informally requested.   By proceeding informally and choosing not to supplement its informal request with a formal Rule 34 request — especially after Fleisher raised the issue in his September 28, 2011, brief, S & S created its own dilemma.  Therefore, S & S's request for a spoliation sanction must be denied.

### *III.  Conclusion*

For the foregoing reasons, Defendant S & S Diesel Marine Services, Inc.'s Motion for Order to Compel Inspection for the Purpose of Discovery [D.E. 37] is granted in part and denied in part, consistent with the terms of this Order.

**DONE AND ORDERED** this 30th day of November 2011.

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

-12-

cc:    Hon. William J. Zloch
       Counsel of Record